**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00037 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CURTIS ROLLER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Stay of Any Proceedings to Enforce Order of Restitution Pending Appeal (Record Document 162) filed by Defendant Curtis Roller ("Roller"). Roller asks the Court to stay execution of the judgment solely as it relates to the order of restitution pending appeal. See Record Document 162-1 at 1. The defense relies primarily on Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981), for the principle that the court should consider whether the mover has made a showing of likelihood of success on the merits. See Record Document 162-1 at 2. Roller maintains that there is a substantial likelihood that he may succeed on appeal as to the amount of restitution ordered. See id. at 3. The Government has opposed the request to stay execution of the judgment as to restitution. See Record Document 163.

Restitution in the amount of $403,355 was ordered in this matter pursuant to the Mandatory Victim Restitution Act ("MVRA"). "The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." U.S. v. Phillips, 303 F.3d 548, 550-551 (5th Cir. 2002), *citing* 18 U.S.C. § 3664(m)(1)(A)(i)-(ii) (2000). Federal Rule of Criminal Procedure 38(c) provides:

> If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or

> a fine and costs. The court may stay the sentence on any terms considered appropriate and may require the defendant to:
>
> (1) deposit all or part of the fine and costs into the district court's registry pending appeal;
>
> (2) post a bond to pay the fine and costs; or
>
> (3) submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating assets.

F.R.Cr.P. 38(c).

A review of Ruiz reveals that it pertains to a defense motion to stay an injunction pending appeal, not a motion to stay a fine or restitution order. See Ruiz, 650 F.2d at 565 ("Under Rule 8 and precedent, we must consider four factors to determine whether the State has made a sufficient showing for this court to grant a stay of the injunction pending appeal."). The Court agrees with the Government that the more appropriate consideration is whether Roller would potentially suffer irreparable injury if the requested stay of restitution proceedings is denied. In previous criminal proceedings, this Court has considered potential irreparable injury when it denied a stay of execution of fines as to monthly retirement or annuity income because the defendants did not make the requisite showing of irreparable injury. See U.S. v. Walker, No. 07-50097-01, 2008 WL 4808837, *2 (W.D.La. Oct. 31, 2008) ("in reaching this decision, the Court considered the potential for irreparable injury should [defendant] prevail in his appeals. . ."); U.S. v. Claville, No. 07-50097-02, 2008 WL 4808841, *1 (W.D.La. Oct. 31, 2008) ("[defendant] now seeks to stay execution of the fine portion of his sentence, arguing that 'if the sentence is executed while the appeal is pending, it will cause irreparable harm and damage'"). Likewise, in U.S. v. Ajegbo, No. 94-240, 1995 WL 258257, *1 (E.D.La. May 2, 1995), the

court declined to stay the enforcement of fines and costs "the defendant . . . failed to allege irreparable harm or any other special circumstances that would warrant staying the execution of payment of fines and costs in this case."

Here, Roller has made no allegation that he would suffer irreparable injury if the requested stay of restitution proceedings is denied. Moreover, as noted by the Government, the garnishment of funds in this matter would not cause any discernable irreparable harm to Roller because the funds can simply be held on deposit with the Clerk of Court pending the disposition of the appeal, and returned to Roller in the event his appeal is successful. See Record Document 163 at 4.

Accordingly, based on the showing made by Roller, the Motion for Stay of Any Proceedings to Enforce Order of Restitution Pending Appeal (Record Document 162) be and is hereby **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of July, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE